DANIEL P. SPENCER *v.* ABIJAH BEMIS.

*Pleading.    New Assignment.*

In trespass *quare clausum,* when the declaration only counts upon a single act of trespass, which is justified by plea, the plaintiff cannot in his replication traverse the matter of such justification, and also new assign the same or different acts of trespass.

A traverse with *de injuria* should conclude to the country.

TRESPASS, for that the defendant, on the 7th of November, 1868, broke and entered the plaintiff's close, and then and there prostrated and destroyed the plaintiff's fence, tore up and damaged the soil of said close, and threw divers large quantities of earth, stone, boards, posts, and rubbish, into the road of the plaintiff, of and belonging to said close, and thereby and therewith choking and filling up said road, and hindering and impeding the plaintiff in the use and enjoyment thereof.

The defendant pleaded not guilty, on which issue was joined ; and also, that at the said time when, &c., there was, and of right ought to have been, a common and public highway over the *locus in quo,* and because the said way was obstructed by said fence in said declaration mentioned, the defendant pulled down the same.

The plaintiff replied to the second plea, traversing the right of way, and the obstruction thereof, with *de injuria,* concluding with a verification and prayer for judgment ; and new assigned, unnecessary damage, and *extra viam.* The defendant demurred specially to the replication and new assignment, and assigned the following causes of demurrer, among others not necessary to be stated :

1.  "Because the replication and new assignment to said second plea, are double and multifarious, and no one certain or definite issue can be taken on either of them.

2.  "Because the plaintiff, having by his declaration complained of but one single act of trespass as to breaking and entering the close therein mentioned, has by his replication and new assignment, attempted to introduce and put in issue several

distinct acts of trespass with respect to breaking and entering the same close.

3. "Because the plaintiff's new assignment is double in this— that it states that the plaintiff brought the suit against the defendant, not only for the said several trespasses in the introductory part of said second plea mentioned, and therein attempted to be justified, but also contains the averment that the defendant did other acts, and committed other trespasses, and that these other acts and trespasses last mentioned, and newly assigned, ar : other and different trespasses than the said trespass in the said second plea mentioned, and therein attempted to be justified.

4. "Because the plaintiff's replication to the said second plea of the said defendant, concludes with a verification, when it should conclude to the country." ·

The court, at the September term, 1870, STEELE, J., presiding, overruled the demurrer, *pro forma*, and adjudged the replication sufficient; to which the defendant excepted. At the March term, 1873, judgment was rendered for the plaintiff for one dollar damages and full costs.

*S. C. Shurtleff*, for the defendant.

If the plaintiff brought his suit to recover for trespass not only committed in the supposed way, but also for those committed out of the supposed way, he could traverse the supposed way, and new assign that he brought suit, &c., not only for those committed in the supposed way, but also that the defendant, at the time when, &c , not only trespassed in the supposed way, but committed trespasses out of the supposed way, in other parts of the close, &c. ; but he cannot new assign that he brought suit for other and different trespasses than those justified, committed on other and different occasions. 1 Saund. 299, n. (6); *Polkinhorn* v. *Wright*, 8 Q. B. 197.

The plaintiff's replication should have concluded to the country, as it introduced no new matter. Gould Pl. 378–381; Steph. Pl. 232 ; 1 Chit. Pl. 556.

*J. P. Lamson*, for the plaintiff.

The issue made by the pleadings is, whether there was a highway ; and if it is found for the defendant, he would be entitled to a verdict, notwithstanding he may have committed a trespass

by using more force than was required, and doing unnecessary damage. So it is not safe for the plaintiff to close his pleadings here; and he must new assign, as he has the right to do.

Now, with a proper issue joined on the new assignment, the plaintiff can recover for all excess of force, and all unnecessary damage done to the plaintiff, if the defendant had a legal right to enter in the first place. And the issue to be tried would be, had the defendant a right to break down, &c., the plaintiff's fence; if so, did he use more force than was necessary, or did he do unnecessary damage. This does not make two issues, and these questions can be tried in the same suit.

The trespass alleged in the new assignment is only the same as in the declaration, and attempted to be justified by the defendant's plea. It means that the force used, and damage done, were greater than was necessary to remove the obstructions, and was done outside of the supposed highway. *Hubbell* v. *Wheeler*, 2 Aik. 359; *Grout* v. *Knapp*, 40 Vt. 163; *Warner* v. *Hoisington*, 42 Vt. 94; 42 N. H. 47; Gould Pl. 366, 457; Steph. Pl. 227, 228; 1 Chit. Pl. 597, 632, 636, 638, 660.

The opinion of the court was delivered by

BARRETT, J. The case is before us on special demurrer to the replication. The declaration counts on a single act of trespass, without continuation or repetition. The defendant justifies, setting forth by plea an alleged right of way, and that the alleged trespass was the doing what he lawfully might do in removing obstructions placed across said way by the plaintiff. The plaintiff replies, denying the alleged way and right, and that the fence named in the declaration and plea was across or obstructing any highway, with *de injuria*, and closing with verification and prayer for judgment. This is followed by *new assignment*, alleging that the action is brought, not only for the trespasses justified by the plea, but also for that the defendant on the several days and times mentioned in the declaration, on other and different occasions, &c., following the form in 3 Chit. Pl. 1218.

By traversing the plea, as well as by what is said in the new assignment, the plaintiff is still pursuing the justified trespass as

being one for which he brought his suit. That being so, it is not permissible to him to bring upon the record other acts of trespass, they not being within the scope of the declaration. New assignment means specially designating a cause of action within the scope of the declaration, and other than the one covered by the plea. But when the declaration embodies only a single act of trespass, and the plaintiff by his replication treats that as a cause of action for which he brought his suit, the declaration is thereby exhausted. There is no subject-matter remaining on which a new assignment can operate. And it is in this respect that the plaintiff seems to have fallen into mistake. The precedent in 3 Chit. Pl. 1218, which he followed, is a proper one for a proper case. But that is when the declaration may embody more than a single act of trespass. In the present case, either the plaintiff should not have traversed, or not new assigned. It was at his option which to do. If the trespass justified in the plea is the one sued for, then a traverse would be proper. If the trespass sued for was *extra viam*, then he might new assign. In such case he would be pursuing for a single act of trespass, which, under the declaration, may have been *intra*, or *extra viam*. This whole subject is well developed in 1 Chit. Pl. 626 to 634, and is illustrated by the precedents and notes in Vol. 3.

It is very plain that the traverse with *de injuria* should conclude to the country. That is the end of the pleading with reference to the trespass which is justified by the plea. By the traverse with *de injuria*, the plaintiff puts that justification in issue, and he should tender such issue. The defendant, after such reply to his plea, would have nothing to say but to re-assert the very matters traversed. Authority need not be cited on this subject. The new assignment, when properly resorted to, presents subject-matter for a new and distinct answer by the defendant, and for a distinct issue, to be formed by the course of pleading proper to the matter new assigned. The other questions made in the argument need not be discussed in disposing of the case.

The judgment is reversed, with leave to reply anew, and the cause remanded.